SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209
Vista, CA 92081
Ph: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff
MICHAEL SPENCER

## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SPENCER, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>JOSEPH KOVALCIN, an individual; CLEARVIEW HOME IMPROVEMENTS, INC. d/b/a CLEARVIEW HOME ENERGY SOLUTIONS; and DOES 1-10,<br><br>   Defendants. | Case No.:  '15CV2895 W    BLM<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **TELEPHONE CONSUMER PROTECTION ACT "DO NOT CALL" VIOLATIONS,**<br>2. **TELEPHONE CONSUMER PROTECTION ACT "AUTOMATIC TELEPHONE DIALING SYSTEM" VIOLATIONS** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, an individual, by and through his attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, through his attorneys, brings this action to challenge the actions

1
**Complaint for Damages**

1. of Defendants JOSEPH KOVALCIN (hereinafter "KOVALCIN") and CLEARVIEFW HOME IMPROVEMENTS, INC. (hereinafter "CLEARVIEW") for unlawful telemarketing abuse by utilizing an automatic telephone dialing system (ATDS) to repeatedly call Plaintiff upon his wireless cellular telephone, despite his number being listed on the Federal "Do Not Call" List, for the purpose of soliciting Plaintiff to utilize their solar panel services.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone

2
**Complaint for Damages**

consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

6. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION & VENUE

7. This action partially arises out of Defendants' violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs.,*

3
**Complaint for Damages**

1  *LLC*, 132 S. Ct. 740 (2012)).

2  5.   Personal jurisdiction is established for the following reasons:

3   a. Defendants regularly contacting residents within the County of San Diego
4       for the purpose of soliciting their business for solar paneling;

5   b. Defendant CLEARVIEW lists Defendant KOVALCIN as its agent for
6       service of process at 21040 Timber Ridge Road, City of Yorba Linda, Stte
7       of California;

8   c. Defendant CLEARVIEW is physically located at 4155 East La Palma
9       Avenue, Suite 500, City of Anaheim, State of California.

10  6.   Because all tortious conduct occurred while Plaintiff resided in the County
11 of San Diego, and witnesses are located within this location, venue properly lies in this
12 court.

13                          **PARTIES & DEFINITIONS**

14  7.   Defendants regularly do business in the County of San Diego State of
15 California by contacting residents therein for the purpose of soliciting their business in
16 solar paneling, and are therefore each a "person," as defined by 47 U.S.C. § 153(39).

17  5.   Plaintiff is, and at all times mentioned herein was, a citizen and resident of
18 the State of California, and therefore is and was a "person" as defined by 47 U.S.C. §
19 153(39).

20  6.   Defendants regularly utilize an Automatic Telephone Dialing System
21 (hereinafter "ATDS"), as defined in 47 U.S.C. § 227(a)(1)(A)-(B) and 47 C.F.R.

4
**Complaint for Damages**

1  64.1200(f)(2).  Automatic telephone dialing systems place calls without human
2  intervention until a connection is made with a person on the receiving end of the call, at
3  which time the dialers attempt to connect the recipient with a live agent of the entity
4  placing the call.  An ATDS is equipment that has the capacity to store or produce
5  telephone numbers to be called, using a random or sequential number generator, and
6  utilizes such equipment to dial such numbers.

## FACTUAL ALLEGATIONS

7. Plaintiff's telephone number ending in 2902 has listed on the Federal "Do Not Call" List for years.

8. This number goes to Plaintiff's wireless cellular telephone.

9. The Federal "Do Not Call" List is a list maintained by the Federal Communications Commission (hereinafter "FCC") of consumers throughout the United States who have chosen to be blocked from receiving unsolicited telemarketing calls from business with whom the consumer has never had an established business relationship.

10. Despite the fact that Plaintiff's telephone number ending in 2902 is listed on the FCC "Do Not Call" List, Plaintiff has received at least 22 calls to his wireless cellular telephone from Defendants beginning in October 2015 and continuing to the present day.

11. Every call placed to Plaintiff's cellular telephone resulted in him initially hearing static on the other end for a 2-3 seconds, then hearing a soft beep as if a button

5
**Complaint for Damages**

1 had been pressed, and only then does a live agent come on the other line and ask for Plaintiff by name.

12. The live agent then attempts to solicit Plaintiff's business by asking if Defendants can assist Plaintiff in saving money on his energy bill by utilizing Defendants' solar paneling service, and proceed to inquire as to how much money Plaintiff spends per month on heating, cooling, and electricity.

13. These calls to Plaintiff's cellular telephone were not for emergency purposes, as they were intended solely for telemarketing purposes.

14. Plaintiff has instructed multiple agents to stop calling him, yet the calls have persisted even to this day.

15. Plaintiff has received at least 22 such calls to the present day.

16. As the calls persist even now, the violations are on-going and continue to accrue.

17. Plaintiff has never engaged in any business with Defendants and does not have an established business relationship with them.

18. Plaintiff has never once provided prior express written consent to Defendants for them to contact him with the telephone calls described above.

19. Defendant KOVALCIN is the president and agent for service of process of Defendant CLEARVIEW.

20. In 2008, Defendant KOVALCIN was fined by the FCC for the exact same telemarketing abuses as those suffered by Plaintiff, as laid out in the attached **Exhibit**

6
**Complaint for Damages**

**A**—a true and correct copy of the FCC fine levied against Defendant KOVALCIN as obtained from the FCC's website.

21. Upon information and belief, in order to evade the taint of the 2008 FCC enforcement action, Defendant KOVALCIN terminated the operations of the business he was operating at the time and opened a new business—Defendant CLEARVIEW HOME IMPROVEMENT, INC. d/b/a CLEARVIEW HOME ENERGY SOLUTIONS.

22. Upon information and belief, Defendant KOVALCIN is regularly engaged in the abusive telemarketing practices engaged in by the agents and employees of Defendant CLEARVIEW, and Defendant KOVALCIN regularly oversees the implementation of these practices and has also been primarily involved in the development and implementation of these practices.

23. Upon information and belief, Defendant KOVALCIN has determined that the FCC "Do Not Call" List should be ignored and has implemented policies and procedures for the agents and employees of Defendant CLEARVIEW to ignore consumers' complaints regarding the abusive and persistent calls.

24. Defendants' unlawful harassment in connection with abusive telemarketing practices and persistent inquiries into his financial matters has caused mental anguish to Plaintiff, in that he has suffered annoyance, anxiety, stress, loss of sleep, feelings of hopelessness and despair over the fact that he is being constantly harassed by Defendants and his efforts to seek voluntary cessation of their abuse have fallen on deaf ears.

# FIRST CAUSE OF ACTION
## (TCPA)
## 47 U.S.C. § 227(c) "DO NOT CALL" Violations

25. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

26. 47 U.S.C. 227(c) compels the FCC to promulgate regulations to prevent unwanted telephone solicitations, such as those suffered by Plaintiff, including the establishment of a national "Do Not Call" List.

27. The FCC created a national "Do Not Call" registry, and these regulations prohibit any person or entity from making telephone solicitations to numbers that are subscribed on the "Do Not Call" registry. *See* 47 C.F.R. 64.1200(c).

28. This prohibition also applies to wireless telephone numbers subscribed on the registry. *See* 47 C.F.R. 64.1200(e).

29. As Defendants' calls were placed for the purpose of soliciting Plaintiff to utilize Defendants' solar paneling services, the calls were for the purpose of "solicitation" as defined in 47 C.F.R. 64.1200(f)(14) and the calls were therefore not done with an emergency purpose.

30. Plaintiff has never once given prior express written consent to Defendants to receive these calls; Plaintiff has never entered into an established business relationship with Defendants, and Defendants are not tax exempt non-profit organizations, which means the exemptions in 47 C.F.R. 64.1200(f)(14)(i)-(iii) do not apply.

31. 42 U.S.C. 227(c)(5) allows a person who receives offensive telephone solicitations in violation of the FCC "Do Not Call" registry prohibitions to bring a private action for actual monetary loss or $500.00 in statutory damages, whichever is greater, for each violation, and if the Court finds the violations are willful or knowing then it may award treble damages.

32. Defendants violated 47 U.S.C. 227(c) of the TCPA by using an ATDS to call Plaintiff's wireless cellular phone at least 22 times since October 2015 to the present day, despite the fact that Plaintiff's number ending in 2902 has been registered on the "Do Not Call" registry for years, and even after Plaintiff specifically Defendants' agents to stop calling him.

33. As the calls were placed for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services (Defendants' solar paneling services), Defendants constitute a "telemarketer" under 47 C.F.R. 64.1200(f)(11).

34. Therefore, as a telemarketer, Defendants must maintain written policies for maintaining their own private do not call list that must be furnished upon demand, must place a person on their private do not call list upon request, and must maintain that list for at least five years. *See* 47 C.F.R. 64.1200(d).

35. Plaintiff is informed and believes that Defendants do not utilize or maintain their own private do not call list, as Defendants have persisted in calling him despite his insistence not to.

36. These violations as described above are on-going and continue to accrue.

37. Since the calls were placed for the purpose of soliciting Plaintiff's use of Defendants' solar paneling services, the calls were not for emergency purposes.

38. Plaintiff is informed and believe that these violations were willful, as Defendant KOVALCIN was fined by the FCC in 2008 for these very same abusive telemarketing practices, yet he has simply opened a new company (Defendant CLEARVIEW) to continue the abusive conduct with a different entity.

## SECOND CAUSE OF ACTION
### (TCPA)
### 47 U.S.C. § 227(b) "ATDS" Violations

39. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

40. 47 U.S.C. 227(b)(1)(A)(iii) prohibits any person or entity from placing calls with an ATDS to a wireless cellular telephone, not for emergency purposes and without prior express consent.

41. The FCC rules require that calls made for the purpose of solicitation of good or services only be made after first having obtained the recipient's prior express written consent. These rules for implementing and regulating application of the TCPA are authorized by 47 U.S.C. 227(b)(2).

42. By repeatedly calling Plaintiff for the purpose of soliciting him to utilize Defendants' solar paneling services, without first having obtained his express written consent, and despite the fact that his number ending 2902 is on the FCC "Do Not Call" registry, and despite Plaintiff's instructions that the calls stop, Defendants have

10
**Complaint for Damages**

committed at least 22 violations of 47 U.S.C. 227(b)(1)(A)(iii) since October 2015 to the present day.

43.     These violations as described above are on-going and continue to accrue.

44.     A private right of action for these violations is created by 47 U.S.C. 227(b)(3), which entitles a consumer to be awarded actual damages or $500.00 per each violation, whichever is greater, and the award may be trebled in the Court's discretion for knowing or willful violations.

45.     Plaintiff is informed and believe that these violations were willful, as Defendant KOVALCIN was fined by the FCC in 2008 for abusive telemarketing practices, which clearly placed him on notice of what the TCPA prohibits, yet he has simply opened a new company (Defendant CLEARVIEW) to continue the abusive conduct with a different entity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**As to the First Cause of Action (TCPA "Do Not Call" violations):**

1.     Plaintiff seeks $500.00 in statutory damages for each and every violation, for at least 22 violations, pursuant to 47 U.S.C. § 227(c)(5)(B);

2.     As a result of Defendant's knowing and/or willful violations, Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, for at least 22 violations, pursuant to 47 U.S.C. § 227(c)(5);

3.      Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

**As to the Second Cause of Action (TCPA "ATDS" violations):**

4.      Plaintiff seeks $500.00 in statutory damages for each and every violation, for at least 22 violations, pursuant to 47 U.S.C. § 227(b)(3)(B);

5.      As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for at least 22 violations, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3);

6.      Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

DATED: 12/23/2015                    /s/ Jared M. Hartman, Esq.
                                     JARED M. HARTMAN, ESQ.
                                     Attorney for Plaintiff,

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 12/23/2015                    /s/ Jared M. Hartman, Esq.
                                     JARED M. HARTMAN, ESQ.
                                     Attorney for Plaintiff,